UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JOHN WAYNE MORGAN,                                  Civil No. 12-274 (DSD/JJK)

      Plaintiff,

v.                                                                              **REPORT AND**
                                                                                             **RECOMMENDATION**

MINNESOTA DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____

      Plaintiff commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated February 6, 2012, (Docket No. 6), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

      Plaintiff recently paid his initial partial filing fee, (Docket No. 7), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915A(b).

**I.   BACKGROUND**

      Plaintiff is a Minnesota state prison inmate who is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota. He is attempting to sue the

Minnesota Department of Corrections, ("DOC"), under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights.

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I go to Asatru Services over 50% of the time that it is available to me. When we are placed in segregation we are not allowed. I was not allowed to go to the feast cause the Administration said it is policy that I couldn't go cause I was in seg. and didn't attend 50% of the services available in the last 90 days. I was not allowed to go to these services cause the administration said I couldn't go cause I was in seg. I was released from seg. on 12-6-11. The feast wasn't until 12-28-11, 22 days after I was released from seg. This policy violates offenders religious rights. If an offender attends 50% of the meeting while he is in population they have a right to attend their feast. Just cause a offender does so many days right before the feast should not keep that offender from going to the feast."

(Complaint, [Docket No. 1], Attachment, "Statement of Claim," pp. 6-7.)

Based on the foregoing allegations, Plaintiff is seeking a judgment in this case that would provide him the following relief:

> "To rule that this policy violates our religious rights. And to allow offenders who attend a religious service 50% of the time they are in population, and it's available, to be able to attend the feast of that service."

(Id., "Request for Relief," p. 7.)

## II.  DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue a governmental entity, (the DOC), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event,

2

as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

In this case, Plaintiff's complaint must be summarily dismissed pursuant to § 1915A(b), because the only named Defendant, the DOC, is immune from suit in federal court. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Eleventh Amendment immunity is fully applicable to state agencies, such as the DOC. See Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988) ("an injunction against the Arkansas Board of Corrections would be unconstitutional without the state's consent as 'the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies'") (quoting Pugh, 438 U.S. at 781); Creek v. South Dakota Dept. of Corrections, 33 Fed.Appx. 250, 251 (8th Cir. 2002) (per curiam) (unpublished opinion) (state prisoner's § 1983 action was properly dismissed on § 1915A review, because "the only named defendants – the South Dakota Department of Corrections and the South Dakota State Penitentiary – are entitled to Eleventh Amendment immunity").

It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and there is no indication that Defendant DOC has waived its immunity and consented to be sued in this case.   Thus, the Court finds that Defendant DOC is constitutionally immune from Plaintiff's present lawsuit and, for this reason, recommends that the action be summarily dismissed.

In light of Plaintiff's *pro se* status, this Court also notes that his submissions suggest that he may be dissatisfied with the role two individuals may have played in the events giving rise to this suit. (See Complaint, Attachment, p. 6, (listing the names "Greg Smith," and "H. Sletten.")   However, Plaintiff has not named anyone other than the DOC as a Defendant in this action and, at this stage, he has failed to specify what conduct would form the basis of his claims against any other party.

To bring an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of law.   West v. Atkins, 487 U.S. 42, 48 (1988).   Civil rights claimants must plead facts showing <u>each named defendant's personal involvement</u> in alleged constitutional wrongdoing.   Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001).   "[A] plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution."   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) (emphasis added).   A complaint fails to state a cause of action if it does not allege

4

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Because his complaint does not describe any specific acts or omissions by any government official, this Court cannot construe his pleading to assert some claim against some individual Plaintiff may have intended to name.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be dismissed pursuant to § 1915A(b). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[1] To date, he has paid $4.00, so he still owes $346.00. Prisoner officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

Having determined that this action must be summarily dismissed, the Court will also recommend that Plaintiff's collateral motion seeking to "strike" certain alleged DOC policies, (Docket No. 3), be denied.

Finally, because Plaintiff has failed to state a cause of action on which relief can be granted the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely $346.00, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's pending motion to "strike" DOC policies, (Docket No. 3), be **DENIED**; and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it fails to state a claim upon which relief may be granted.

Dated:    March 26, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. Loc. R. 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 9, 2012**, a writing which

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.